UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------------------x
                                         :

**SECURITIES AND EXCHANGE COMMISSION,**     :

                                         :

                         Plaintiff,             :        2:11 Civ. 05597(WJM)

                                         :

                     -against-              :

                                         :

**SHREYANS DESAI and**     :
**SHREYSIDDH CAPITAL, LLC,**     :

                                         :

                       Defendants.       :

                                         :
------------------------------------------------------------------------x

**FINAL JUDGMENT AS TO DEFENDANT SHREYANS DESAI**

This matter came before the Court on plaintiff Securities and Exchange Commission's ("Commission") motion for summary judgment ("Motion") against defendant Shreyans Desai ("Desai") pursuant to Rule 56 of the Federal Rules of Civil Procedure. This Court, having considered the Commission's Motion, all filings in support of the Motion, and all filings opposed to the Motion, having entered an Order granting the Motion (Docket No. 126), and having entered an Opinion (Docket No. 125) ordering that the Commission was entitled to injunctive relief, disgorgement plus prejudgment interest, and a civil money penalty against Desai:

**I.**

IT IS ORDERED that the Commission's Motion for Summary Judgment against Desai is GRANTED.

**II.**

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Desai is permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated

thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Desai's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Desai or with anyone described in (a).

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Desai is permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements

      made, in light of the circumstances under which they were made, not misleading; or

  (c)  to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Desai's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Desai or with anyone described in (a).

## IV.

  IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Desai is permanently restrained and enjoined from violating Section 15(a) of the Exchange Act [15 U.S.C. § 78o(a)] by making use of the mails or any means or instrumentality of interstate commerce to effect any transactions in, or to induce or attempt to induce the purchase or sale, of, any security (other than an exempted security or commercial paper, bankers' acceptances, or commercial bills) unless Desai is registered in accordance with subsection (b) of Section 15 of the Exchange Act.

  IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Desai's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Desai or with anyone described in (a).

**V.**

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Desai is permanently restrained and enjoined from violating Sections 206(1) and 206(2) of the Investment Advisers Act of 1940 (the "Advisers Act") [15 U.S.C §§ 80b-6(1), 80b-6(2)], by using the mails or any means or instrumentality of interstate commerce:

(1) to employ any device, scheme or artifice to defraud any client or prospective client;

(2) to engage in any transaction, practice or course of business which operates as a fraud or deceit upon any client or prospective client; or

(3) to engage in any act, practice, or course of business which is fraudulent, deceptive or manipulative.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that, as provided in Federal Rule of Civil Procedure 65(d)(2), the foregoing paragraph also binds the following who receive actual notice of this Final Judgment by personal service or otherwise: (a) Desai's officers, agents, servants, employees, and attorneys; and (b) other persons in active concert or participation with Desai or with anyone described in (a).

**VI.**

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Desai is liable for disgorgement of $167,229.39, representing profits gained as a result of the conduct alleged in the Amended Complaint, together with prejudgment interest thereon in the amount of $40,520.99 through November 5, 2015 and $17.00 per diem after November 5, 2015, and a civil penalty in the amount of $167,229.39 pursuant to Section 20(d) of the Securities Act [15 U.S.C. § 77t(d)], Section 21(d)(3) of the Exchange Act [15 U.S.C. § 78u(d)(3)], and Section 209(e) of the

Advisers Act [15 U.S.C. § 80b-9(e)]. Desai shall satisfy this obligation by paying $ 375,404.77 to the Securities and Exchange Commission within 14 days after entry of this Final Judgment.

Desai may transmit payment electronically to the Commission, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made directly from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm. Desai may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this Court; Shreyans Desai as a defendant in this action; and specifying that payment is made pursuant to this Final Judgment.

Desai shall simultaneously transmit photocopies of evidence of payment and case identifying information to the Commission's counsel in this action. By making this payment, Desai relinquishes all legal and equitable right, title, and interest in such funds and no part of the funds shall be returned to Desai. The Commission shall send the funds paid pursuant to this Final Judgment to the United States Treasury.

The Commission may enforce the Court's judgment for disgorgement and prejudgment interest by moving for civil contempt and/or through other collection procedures authorized by law at any time after 14 days following entry of this Final Judgment. Desai shall pay post judgment interest on any delinquent amounts pursuant to 28 U.S.C. § 1961.

## VIII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this Final Judgment.

Dated: <u>November 30</u>, <u>2015</u>

                                          _____/s/ William J. Martini_____
                                          **WILLIAM J. MARTINI, U.S.D.J.**