UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **SECURITIES AND EXCHANGE COMMISSION,**<br><br>**Plaintiff,**<br><br>v.<br><br>**SHREYANS DESAI AND SHREYSIDDH CAPITAL, LLC,**<br><br>**Defendants.** | Civ. No. 11-5597 (WJM)<br><br>**OPINION & ORDER** |

Defendant Shreyans Desai ("Desai"), *pro se*, asks this Court to reconsider its grant of the Securities and Exchange Commission's (the "Government") motion for summary judgment. For the reasons set forth below, Desai's motion for reconsideration is **DENIED**.

Rule 59(e) of the Federal Rules of Civil Procedure ("FRCP") allows a party to move a district court to reconsider its judgment. A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) new evidence has become available since the court granted the subject motion; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1995) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). Manifest injustice pertains to situations where a court overlooks some dispositive factual or legal matter that was presented to it. *See In re Rose*, No. 06-1818, 2007 WL 2533894, at *3 (D.N.J. Aug. 30, 2007). A motion for reconsideration is not an appeal, and a "party's mere disagreement with a decision of the district court should be raised in the ordinary appellate process and is inappropriate on a motion for [reconsideration]." *Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996).

Desai fails to demonstrate why this Court should reconsider its prior ruling. In his motion for reconsideration, Desai does not allege an intervening change in controlling law and fails to show how this Court overlooked a clear error of law or

fact.  Instead, the crux of Desai's argument is that he was unable to complete discovery.  This, Desai argues, made both the Government's motion for summary judgment and the Court's subsequent opinion and order pre-mature.[1]  However, the Court tackled these arguments in its prior opinion, finding that (i) some of Desai's discovery requests were clearly prohibited by the FRCP, and (ii) that "[p]arties in civil litigation primarily bear the burden of conducting their own discovery" and Desai was provided this opportunity. (*See* Opinion, ECF No. 125, 5.)  Consequently, Desai presents no appropriate basis for why this Court should set aside its prior opinion and order.  Accordingly, the Court denies Desai's motion.

Thus, for the above reasons and for good cause shown;

**IT IS** on this 29th day of February 2016, hereby,

**ORDERED** that Defendant's motion for reconsideration is **DENIED**.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**

---

[1] In his reply, Desai asks the Court to disregard the Government's opposition due to its late filing.  The Government's opposition papers were due fourteen days prior to the motion day—set for January 19, 2016—and the papers were timely filed on January 5, 2016.  *See* L. Civ. R. 7.1(d)(2).